## ABE ROUNTREE *v.* THE STATE.

1. MALICIOUS MISCHIEF — INDICTMENT.— An indictment which charges the wounding of the animal to have been either wilful or wanton sufficiently charges an offense under article 680 of the Revised Penal Code. But such indictment would not have been good under the old law. Under that law the wounding must have been charged as both wilful and wanton.

2. SAME — CASE STATED — ARREST OF JUDGMENT.— The indictment charged the wilful wounding of a cow on November 1, 1879, but the proof showed that the offense, if committed at all, was committed on the last day of June or first of July, and before the Revised Statutes took effect. The defendant assailed the indictment as insufficient with reference to the old law, by motion in arrest of judgment. *Held*, that, as the indictment was sufficient to charge the offense under the present law, the court did not err in overruling the motion in arrest. See opinion for rule laid down.

3. SAME — EVIDENCE — PRACTICE.— Objection to the evidence of the date of the commission of the offense should have been made at the time it was offered, or a subsequent motion to strike it out, and if overruled, might have been good ground for a motion in arrest of judgment because it had not been legally rendered against the defendant.

4. CHARGE OF THE COURT — PRINCIPAL OFFENDERS.— In order to hold a person liable with others as a principal in the commission of an offense, there must be a combination of both act and intent. See the opinion for a charge on the question *held* to be erroneous.

APPEAL from the County Court of Walker. Tried below before the Hon. J. S. BESSER, County Judge.

The opinion sufficiently discloses the case.

*Abercrombie & Randolph,* for the appellant

*Horace Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. The charge in the indictment is, that the defendant, "on the first day of November, in the year of our Lord eighteen hundred and seventy-nine, did, then and there, wilfully wound a cow, then and there

the property of Thomas J. Green," etc.　Under art. 680, Penal Code, the indictment is good, the language in the statute being:　"If any person shall *wilfully* OR *wantonly* . . . wound . . . any animal," etc.

But the evidence adduced on the trial showed that the offense, instead of having been committed, as alleged, on the 1st of November, 1879, which was after the Revised Penal Code went into effect, was, in fact, committed, if at all, the last of June or first of July, 1879, and be-- fore the adoption of the Revised Code.　This being the case, the indictment would not have been good under the old law, because it failed to allege, in the language of the statute as it then read, that the injury to the animal was inflicted both "*wilfully* AND *wantonly*."　Pasch. Dig. art. 2345; *The State* v. *Rector*, 34 Texas, 565; *Branch* v. *The State*, 41 Texas, 622.

Defendant has attempted to avail himself of the insuf- ficiency of the indictment with reference to the old law by a motion in arrest of judgment, which was overruled by the court.　The court did not err in overruling the motion, because the indictment on its face was good and sufficient under the new law, and the statutory rule is, that such motion "shall only be granted upon any ground which would be good upon exception to an indictment or information for any substantial defect therein."　Code Crim. Proc. art. 787.

Had the defendant objected to the evidence as to the date of the commission of the offense, at the time it was offered; or had he moved the court, subsequently, to strike it out or exclude it, we think either motion should have been sustained.　Had the court declined to sustain such motion, then, doubtless, such refusal might have been urged in a motion in arrest of the judgment, because it had not legally been rendered against him.　Code Crim. Proc. art. 785.　As submitted in the record, the motion in arrest does not present the question in a manner that it can be availed of.

The evidence shows that in so far as this defendant was concerned, if he participated at all in the commission of the offense, it was by aiding and assisting one Mills, who was the actual perpetrator. In quite a voluminous charge the court instructed the jury, among other things, as follows, viz.: "The law also presumes the intent when the act is perpetrated, and it devolves upon the accused to prove their innocence, or that the act was committed through accident. When an offense is committed by one person, others being present and aiding by their acts, or giving countenance to the perpetration of the same to those actually engaged in the commission of the unlawful act, are held as principal offenders, and may be prosecuted and convicted as such."

The rule of law is that, to hold a person liable as a principal with others in the commission of an offense, there must be a combination of both act and intent. Penal Code, art. 75; *Welsh* v. *The State*, 3 Texas Ct. App. 413. The charge was excepted to, and special charges were asked, which were refused,—some of which should have been given in substance if not in the language as used. The law embraced in them was not covered by the general charge.

For error in the charge of the court, the judgment is reversed and cause remanded.

*Reversed and remanded.*